IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell O. Royal, ) | |
| ) | Case No.: 2:09-cr-806-PMD-1 |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Warden Thomas, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Darrell O. Royal, a federal prisoner proceeding *pro se*, has filed an petition asking the Court to vacate his sentence under 28 U.S.C. § 2241 (ECF No. 130). For the reasons stated herein, the Court concludes the petition should be treated as one seeking relief under 28 U.S.C. § 2255.

## BACKGROUND

In 2011, Petitioner pled guilty to possession with intent to distribute heroin and possession with intent to distribute cocaine. The Court sentenced Petitioner to twelve years in prison, to be followed by six years of supervised release.[1] Petitioner did not appeal.

In his instant petition, Petitioner now contends he must be resentenced because his sentence was based on a recidivist enhancement that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), is no longer valid.

## DISCUSSION

Petitioner prepared his motion using the Administrative Office's § 2241 application form. Additionally, Petitioner has labeled his memorandum in support as seeking relief under § 2241. In that memorandum, Petitioner asks the Court to construe the motion either as a § 2241 petition

---
1. Petitioner and the Government stipulated to a twelve-year prison sentence. *See* Fed. R. Crim. P. 11(c)(1)(C).

or as a request for leave to file a second or successive challenge to his sentence. *See* 28 U.S.C. §§ 2244(b), 2255(h). However, "it is the substance of the motion, not the label or name assigned to it by a *pro se* petitioner, that determines" how the court should view it. *Jones v. United States*, 879 F. Supp. 2d 492, 497 (E.D.N.C 2012) (citing *Raines v. United States*, 423 F.2d 526, 528 (4th Cir. 1970)).

The substance of Petitioner's motion is a challenge to the legality of his sentence. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their . . . sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). A prisoner may use § 2241 to attack his sentence only if he first establishes that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also, e.g.*, *Ross v. Mitchell*, No. 6:10-cv-1891-GRA, 2010 WL 3522357, at *2 (D.S.C. Sept. 3, 2010) ("The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective."). Petitioner argues § 2255 is inadequate and ineffective because the deadline for him to file a § 2255 motion has already expired. *See* 28 U.S.C. § 2255(f) (setting a one-year limitations period for § 2255 motions). However, "the fact that a Section 2255 action may be untimely . . . does not render a Section 2255 remedy inadequate or ineffective." *Parnell v. Meeks*, No. 6:15-cv-2817-MGL-KFM, 2015 WL 9694515, at *3 (D.S.C. Dec. 9, 2015) (citing *In Re Vial*, 115 F.3d at 1194 n.5), *report and recommendation adopted*, 2016 WL 128148 (D.S.C. Jan. 11, 2016). Accordingly, the Court rejects Petitioner's contention that § 2255 cannot provide him an adequate, effective remedy.

Having determined that Petitioner has improperly asserted his sentencing challenge under § 2241, the Court must determine what action to take. One option would be to dismiss the petition without prejudice so that Petitioner could refile it as a § 2255 motion. However, rather

than potentially create a statute of limitations problem,[2] the Court believes the better option is for it to recharacterize the § 2241 petition as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . in order to avoid an unnecessary dismissal . . . ."); *cf. Shaw v. United States*, 417 F. App'x 311, 312 (4th Cir. 2011) (per curiam) (finding district court should not have dismissed improperly filed § 2241 petition, as a later-filed § 2255 motion "likely would be barred by the applicable one-year limitations period").

This appears to be Petitioner's first § 2255 motion. Therefore, in accordance with *Castro*, this Court hereby notifies Petitioner that it intends to recharacterize his § 2241 petition as a § 2255 motion. Although Petitioner is aware of the one-year limitation period for asserting § 2255 claims, the Court wishes to make clear that, once recharacterized, his petition will be subject to that limitation period. Moreover, the Court warns Petitioner that if the Court denies him relief under § 2255, any § 2255 motion he files after that—whether labeled as such or not—will be subject to the statutory restrictions on "second or successive" motions.[3] In light of those restrictions, the Court will give Petitioner twenty-one days to either withdraw his § 2241 petition

---

2.   *Johnson*, on which Petitioner bases his sentencing challenge, was issued on June 26, 2015. Because more than a year has passed since that date, a *Johnson*-based § 2255 motion filed in the future might be untimely. *See* § 2255(f)(3). However, the Court currently expresses no opinion on whether Petitioner's currently-pending petition is timely filed or whether any future § 2255 motion he might file would be time-barred.

3.   Before a prisoner may file a second or successive § 2255 motion, he must first seek and obtain "permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d at 1194. Permission must be in the form of a decision by a panel of the court of appeals certifying that the proposed motion contains either

   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h); *see also* § 2244(b).

3

or amend it so that it contains all the § 2255 claims he believes he has.  If Petitioner does not timely elect either option, the Court will treat the existing petition as a § 2255 motion and proceed accordingly.

## CONCLUSION

It is **ORDERED** that Petitioner shall have twenty-one days from the date of this Order to withdraw or amend his petition.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**July 1, 2016**
**Charleston, South Carolina**

4